# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

ENAMIDEM CELESTINE OKON,                          Case No. 18-CV-0191 (DWF/TNL)

                           Petitioner,

v.                                                                 **REPORT AND RECOMMENDATION**

NATE KNUTSON,

                           Defendant.

This matter is before the Court on Respondent Nate Knutson's Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 11 (Mot. to Dismiss).  That motion targets Petitioner Enamidem Celestine Okon's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1 (Pet.).  For the following reasons, the Court recommends granting the Motion to Dismiss and dismissing the Petition.

## I.      BACKGROUND

### A.      Trial

To simplify the analytical discussion below, the Court provides a relatively fulsome account of this case's procedural background.  In July 2012, authorities charged Okon with two counts of aiding and abetting first-degree criminal sexual conduct. Register of Actions, *State v. Okon*, Case No. 73-CR-12-6911 (Minn. Dist. Ct.) (*Okon* Docket); Minn. Stat. § 609.342.1(e)(i), (f)(i).  Before trial, Okon made motions *in limine* seeking (among other things) to admit certain evidence of the prior sexual conduct of

C.M.H., the victim of an assault underlying the charges.  Order 1, *State v. Okon*, Case No. 73-CR-12-6911 (Minn. Dist. Ct. May 20, 2013), *attached to* Pet.  Specifically, Okon sought to introduce evidence from swabs used to collect DNA from underwear that C.M.H. had worn at the time of the assault.  *Id.* at 7–8.  That evidence suggested that seminal fluid or semen from five different people—though not Okon—was found on the underwear.  *Id.*  Okon argued that the "evidence [was] relevant and not barred by [Minnesota's rape-shield law] because [the evidence] shows what DNA was present, which excludes his, and because the presence of semen is one of the exceptions to the rape shield law." *Id.* at 8.[1]

---

[1] Minnesota's rape-shield statute, Minn. Stat. § 609.347, subd. 3(b), reads as follows:

> In a prosecution under [various sections, including Minn. Stat. § 609.342], evidence of the victim's previous sexual conduct shall not be admitted nor shall any reference to such conduct be made in the presence of the jury, except by court order under the procedure provided in subdivision 4.  The evidence can be admitted only if the probative value of the evidence is not substantially outweighed by its inflammatory or prejudicial nature and only in the circumstances set out in paragraphs (a) and (b). . . .
>
> > (a)    When consent of the victim is a defense in the case, the following evidence is admissible:
> >
> > > (i)    evidence of the victim's previous sexual conduct tending to establish a common scheme or plan of similar sexual conduct under circumstances similar to the case at issue.  In order to find a common scheme or plan, the judge must find that the victim made prior allegations of sexual assault which were fabricated; and
> > >
> > > (ii)    evidence of the victim's previous sexual conduct with the accused.

2

Analyzing Minnesota evidentiary law—and noting that because "the issue at trial will be whether [Okon] had oral and vaginal sex with C.M.J. on the night in question," "what is relevant is if the DNA of any semen matched [Okon's] DNA"—the district court ruled that Okon could "introduce evidence of the *limited* fact that there was not a DNA match to [Okon] found on the samples from C.M.J.'s underwear." *Id.* He could not, however, "introduce any evidence as to number of sources." *Id.*

On May 23, 2013, a jury convicted Okon on both counts. *State v. Okon*, No. A13-2018, 2014 WL 3800324, at *2 (Minn. Ct. App. Aug. 4, 2014) (*Okon I*); *Okon* Docket. That October, the trial court amended a prior order and sentenced Okon to 172 months in prison. *Okon* Docket.

### B.   Direct Appeal

On October 22, 2013, Okon filed a notice of appeal with the Minnesota Court of Appeals. Case Information, *State v. Okon*, No. A13-2018 (Minn. Ct. App.), *available at* http://macsnc.courts.state.mn.us (last accessed Dec. 8, 2018). He made numerous arguments on direct appeal; two concern the present Motion to Dismiss. First, Okon argued that by excluding evidence about the number of sources of semen found on

---

> (b)   When the prosecution's case includes evidence of semen, pregnancy, or disease at the time of the incident or, in the case of pregnancy, between the time of the incident and trial, evidence of specific instances of the victim's previous sexual conduct is admissible solely to show the source of the semen, pregnancy, or disease.

*See also* Minn. R. Evid. 412(1) (establishing similar rules within Minnesota Rules of Evidence).

C.M.J.'s underwear, the trial court misapplied Minnesota law and violated his Sixth Amendment confrontation right. *Okon I*, 2014 WL 3800324, at *1; Appellant's Br. and App. 12–21, *State v. Okon*, No. A13-2018 (Minn. Ct. App. Feb. 13, 2014) (Okon Direct-Appeal Brief). Okon's second relevant argument observed that at trial, a DNA forensic scientist testified for the state that (1) a rectal swab taken from C.M.H. indicated the presence of semen, but an insufficient amount for DNA analysis; and (2) "semen could be detectable in a vaginal swab for about five days and in a perioral swab for two to twelve hours." *Okon I*, 2014 WL 3800324, at *2. Okon argued on appeal—admitting he had not raised the point below—that this testimony "opened the door" to introduction of the number-of-sources-of-semen evidence such that failure to admit that evidence amounted to a mistaken interpretation of Minnesota law and an infringement of Okon's confrontation rights. *Id.*; Okon Direct-Appeal Br. 21–27.

The Minnesota Court of Appeals affirmed Okon's conviction on August 4, 2014. In relevant part, it determined that the trial court (1) had not abused its discretion by excluding the number-of-sources-of-semen evidence, and (2) had not plainly erred by refusing to allow the evidence to rebut the DNA-scientist testimony. *Okon I*, 2014 WL 3800324, at *2–4. The decision's handling of Okon's confrontation claims was somewhat unclear. The Court of Appeals recited the standard that "'[w]hen an error implicates a constitutional right, we will award a new trial unless the error is harmless beyond a reasonable doubt.'" *Id.* at *2 (quoting *State v. Davis*, 820 N.W.2d 525, 533 (Minn. 2012)). Aside from this, however, the decision did not address whether the trial

4

court had violated Okon's *constitutional* rights; it instead affirmed the trial court's decision based on Minnesota evidence law. *Id.* at *3–4.

Okon petitioned the Minnesota Supreme Court for review, including as a basis for review the trial court's handling of his confrontation rights. *See, e.g.*, *Okon v. Warden of Moose Lake Prison*, No. 14-CV-4499 (JRT/LIB), 2016 WL 1643762, at *3 (D. Minn. Apr. 26, 2016) (*Okon III*) (quoting Okon's petition for review). But in October 2014, that court denied his petition. *Okon I*, 2014 WL 3800324, at *1. Okon did not petition the U.S. Supreme Court for a writ of certiorari. Mem. in Supp. of Mot. to Dismiss Pet. for Writ of Habeas Corpus 2, ECF No. 12 (Dismissal Mem.) (not challenged by Okon).

### C.    First § 2254 Petition

On October 27, 2014, Okon filed a § 2254 petition challenging his conviction. Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody 1, *Okon v. Warden of Moose Lake Prison*, No. 14-CV-4499 (JRT/LIB) (D. Minn. Oct. 27, 2014) (October 2014 Petition). Okon raised five grounds for review—including that the trial court had violated his federal-law confrontation rights by prohibiting him from offering the number-of-sources-of-semen evidence. *Id.* at 5.[2]

The October 2014 Petition was assigned to the Honorable John R. Tunheim, now Chief District Judge for the United States District Court for the District of Minnesota, and referred to the Honorable Leo I. Brisbois, Magistrate Judge for the United States District

---

[2] Because Okon submitted numerous additional pages with the October 2014 Petition, and these have their own, separate pagination, citations to the October 2014 Petition are to the page numbers generated by the Court's ECF filing system.

Court for the District of Minnesota. Docket, *Okon v. Warden of Moose Lake Prison*, No.

14-CV-4499 (JRT/LIB) (D. Minn.). Magistrate Judge Brisbois entered his report and

recommendation on July 28, 2015, which recommended denying the petition and

dismissing the action with prejudice. Order and R. & R., *Okon v. Warden of Moose Lake*

*Prison*, No. 14-CV-4499 (JRT/LIB), 2015 WL 13731340, at *1 (D. Minn. July 28, 2015)

(*Okon II*). Addressing Okon's confrontation argument, Magistrate Judge Brisbois stated

that Okon had not raised a federal-law confrontation argument in his brief to the

Minnesota Court of Appeals or to the Minnesota Supreme Court, and so had procedurally

defaulted on the issue. *Id.* at *6. "[O]ut of an abundance of caution," however,

Magistrate Judge Brisbois said he would consider the argument anyway. *Id.* He did so as

follows:

> [Okon] challenges the trial court's exclusion of
> evidence of the number of semen DNA samples on the
> victim's underwear and the rectal swab. Although [Okon]
> attempts to label the trial court's evidentiary decision as a
> violation of his federal due process rights, the state trial court
> determined the scope of the admissibility of the DNA
> evidence that Petitioner sought to admit at trial under
> *Minnesota* law in the form of Minnesota Rule of Evidence
> 412 and Minn. Stat. § 609.347, Subd. 3(b). The United States
> Supreme Court has made it clear that "it is not the province of
> a federal habeas court to reexamine state-court determinations
> on state-law questions. In conducting habeas review, a
> federal court is limited to deciding whether a conviction
> violated the Constitution, law or treaties of the United States."
> This Court may not review the state trial court's decision
> applying solely Minnesota law to determine the scope of
> admissibility of the DNA evidence that [Okon] sought to
> admit into evidence at trial.

*Id.* at *7 (citation omitted).

Okon raised various objections to *Okon II*, including that Magistrate Judge Brisbois had erred while reviewing Okon's confrontation argument. *Okon v. Warden of Moose Lake Prison*, No. 14-CV-4499 (JRT/LIB), 2016 WL 1643762, at *2–3 (D. Minn. Apr. 26, 2016) (*Okon III*). Reviewing the objections de novo, Chief Judge Tunheim overruled Okun's confrontation objection, though his analysis differed from that of Magistrate Judge Brisbois. *Id.* at *3–6.

Specifically, Chief Judge Tunheim found that Okon had sufficiently raised a federal-law confrontation argument with the Minnesota Court of Appeals. *Id.* at *3. Chief Judge Tunheim also found that the Court of Appeals's resolution of Okon's claim did not rest on "adequate and independent state grounds" that would prevent a federal court from addressing the claim. *Id.* at *4 (quoting *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007)); *cf. Walker v. Martin*, 562 U.S. 307, 316 (2011) ("A federal habeas court will not review a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment.") (internal quotation marks, brackets, and citation omitted). The Court of Appeals had rested its analysis on Minnesota evidence law, but Chief Judge Tunheim observed that "[i]f Okon's argument were correct and his federal constitutional rights required the state court to admit the at-issue evidence, then it does not matter whether the state court properly interpreted state law because where state law conflicts with the Constitution, a state judge must apply the Constitution." *Okon III*, 2016 WL 1643762, at *4. Chief Judge Tunheim concluded that "[t]he Court must . . . decide the merits of Okon's claim." *Id.*

7

On the merits, however, Chief Judge Tunheim determined that Okon's confrontation claim failed. *Id.* at *6. The Minnesota Court of Appeals had not addressed Okon's federal-law confrontation argument, so the Court's task was "only to evaluate whether the state court's decision [was] 'contrary to' established federal law." *Id.* at *4. The applicable test was whether the Court of Appeals had reached a conclusion opposite that of the U.S. Supreme Court on a matter of law, or decided a case differently than the U.S. Supreme Court on a set of materially indistinguishable facts. *Id.* at *2 (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). Reviewing Okon's arguments, Chief Judge Tunheim found that Okon had not met this test, *id.* at *6, and, as a result, Okon's federal-law confrontation argument failed as a potential ground for awarding him habeas relief.

**D.    Second State-Court Appeal**

In March 2016—before *Okon III* issued—Okon moved for postconviction relief in state court. He argued, in relevant part, that his confrontation rights had been violated by his inability to introduce the number-of-sources-of-semen evidence. *Okon v. State*, No. A16-0940, 2016 WL 7042097, at *1 (Minn. Ct. App. Dec. 5, 2016) (*Okon IV*). The Court does not have a copy of the postconviction-relief motion, but Okon asserts that it raised "the same constitutional issue raised on direct appeal," Show-Cause Mem. 2, suggesting that it put in play the *federal-law* confrontation question. *See* Mem. and Aff. in Resp. to Magistrate Judge's Order to Show Cause Why the Pet. Is Not Time Barred, ECF No. 9 (Show-Cause Memorandum). The state district court denied Okon's motion in May 2016, stating in relevant part that *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976),

barred Okon's confrontation claim.  *See Okon IV*, 2016 WL 7042097, at *1.  Under

*Knaffla*, "where direct appeal has once been taken, all matters raised therein, and all

claims known but not raised, will not be considered upon a subsequent petition for

postconviction relief."  243 N.W.2d at 252.

Okon appealed to the Minnesota Court of Appeals, arguing that "his

constitutional-rights claim based upon the exclusion of the semen evidence should not be

*Knaffla* barred because the interests of justice require that this court analyze the issue."

*See Okon IV*, 2016 WL 7042097, at *2; *cf. Griffin v. State*, 883 N.W.2d 282, 286 (Minn.

2016) ("An unraised claim is not *Knaffla*-barred . . . 'if (1) the claim is novel or (2) the

interests of fairness and justice warrant relief.'") (quoting *Andersen v. State*, 830 N.W.2d

1, 8 (Minn. 2013)).  The Court of Appeals affirmed.  *Okon IV*, 2016 WL 7042097, at *4.

Agreeing that it had not "expressly analyzed" Okon's "exact constitutional issue . . . on

direct appeal," the Court of Appeals said that it had nevertheless "recognized the

constitutional component of [his argument]."  *Id*. at *3.  As a result, Okon had raised his

confrontation argument on direct appeal—and because he had previously raised it, the

argument was correctly deemed *Knaffla*-barred.  *Id.*

The Court of Appeals then determined that the interests-of-justice exception to

*Knaffla* did not apply.  *Id.*  For that exception to apply, "a claim must have substantive

merit and be made without deliberate or inexcusable delay."  *Id.* (citing *Andersen*, 830

N.W.2d at 8).  The Court of Appeals held that Okon's claim lacked merit, such that the

interests-of-justice exception did not apply:

> The constitutional right to present a defense is limited by the
> defendant's responsibility to comply with procedural and
> evidentiary rules.  We already conducted a detailed analysis
> of the underlying evidentiary ruling, recognized the
> constitutional component inherent in that ruling, and
> concluded that the semen evidence was properly excluded
> because it was highly prejudicial and had little relevance.

*Id.* (internal citations omitted).  At no point did the Court of Appeals address or cite any federal law on confrontation.  *See id.* at *2–3 (entire discussion of confrontation argument).

Okon sought review from the Minnesota Supreme Court, but that court denied his request.  *Id.* at *1.

### E.    Present § 2254 Petition

This Court received Okon's present Petition on January 24, 2018.  Pet. 1.  The Petition asserts two grounds for review, though the second ground raises two distinct arguments.

- "Whether a defendant['s] constitutional issue of Confrontation Clause under the Sixth Amendment of the United States Constitution is barred when it was twice presented to the state courts for review because there was no ruling from the previous proceedings?"  *Id.* at 4, 9 (capitalization corrected).[3]

- "Whether the Minnesota rape shield statute authorizes preclusion of evidence of source of semen under the 'exception' of victim prior sexual conduct with five or more men to explain physical condition of injury and force elements of the offense on the fact[s] of the case; whether preclusion violated [Okon's] Sixth Amendment confrontation right?"  *Id.* at 9 (capitalization corrected).

---

[3] As with the October 2014 Petition, *see* n.2 *supra*, citations to the present Petition are to the page numbers made by the Court's ECF filing system.

The Court ordered Okon to "show good cause, if any exists, why the [Petition] should not be summarily dismissed pursuant to § 2244(d)"—that is, § 2244's one-year statute of limitations.  Order 2, ECF No. 8.  Okon's lengthy response noted, among other things, his first § 2254 petition.  Show-Cause Mem. 1–2.

The Court then filed an order requiring Knutson to respond to the Petition.  Order 1, ECF No. 10 (July 2018 Order).  That order noted "concerns about whether the [Petition] is a 'second or successive petition' that cannot be entertained without a pre-authorization order from the Eighth Circuit Court of Appeals."  *Id.* at 2 (quoting 28 U.S.C. § 2244(b)).  The Court thus gave Knutson a choice: rather than file an answer to the Petition, he could instead move to dismiss it based on the applicable statute of limitations, the limits on second-or-successive petitions, or both.  *Id.*  Knutson filed a motion to dismiss raising both issues,[4] and Okon filed a response.  *See* Mot. to Dismiss; Dismissal Mem.; Pet'r's Reply to Resp.'s Resp., ECF No. 13 (Dismissal Resp.).  The Motion to Dismiss is ready for resolution.

## II.   ANALYSIS

### A.   Motion-to-Dismiss Arguments

Knutson contends that Okon's is a "second or successive" petition.  Dismissal Mem. 3–4.[5]  Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under [§ 2254] that was presented in a prior

---

[4] Because this Court resolves this matter on the second-or-successive-petition issue, it need not address the statute-of-limitations issue.

[5] Because the Dismissal Memorandum lacks page numbers, citations to it are to its ECF-generated pagination.

application shall be dismissed." Furthermore, under § 2244(b)(2), "any claim presented in a second or successive application *not* presented in a prior application 'must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.'" *Barnett v. Roper*, 904 F.3d 623, 632 (8th Cir. 2018) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)); *see also* § 2244(b)(2).

Given these rules, "the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.'" *Gonzalez*, 545 U.S. at 530 (quoting § 2244(b)). If it was, "the claim must be dismissed." *Id.* As noted above, the Court construes Okon's present Petition as bringing three distinct claims. Review of those claims, however, shows that two of them (those raised in Okon's second ground for relief) must be dismissed under § 2244(b)(1).

The Petition's first ground for relief appears to suggest that this Court should address Okon's federal-law confrontation argument because in at least two Minnesota proceedings, the state courts failed to address it. Read this way, the first ground for relief is not really a challenge to Okon's conviction; rather, it is an argument against finding that Okon procedurally defaulted the federal-law confrontation argument. The Court will address this point below, noting for now simply that it is not a substantive challenge to Okon's conviction.

As noted above, the Petition's second ground for relief has two parts. First, Okon challenges his conviction on the ground that Minnesota's rape-shield law does not bar the

DNA evidence precluded from his trial. Second, he argues that precluding the DNA evidence violated his Sixth Amendment rights.

Okon's first § 2254 petition raised both arguments. That petition's first ground specifically argued that the trial court's refusal to permit the DNA evidence violated Okon's confrontation rights. First § 2254 Pet. 5. The fourth and fifth grounds, respectively, were that the Minnesota Court of Appeals had not assessed his arguments impartially during his direct appeal and that the trial prosecutor had engaged in misconduct. *Id.* at 10, 20–23. Collectively, the grounds assert that the Minnesota courts misapplied the state's rape-shield law when the trial court barred the number-of-sources-of-semen evidence and when the Court of Appeals affirmed that decision. *Id.* at 10, 20–22.

The present Petition's substantive arguments were thus "presented in a prior application." Furthermore, this Court's ruling on the first Petition addressed both arguments. First, it explicitly determined that the Minnesota state courts had not misapplied federal confrontation law. *Okon III*, 2016 WL 1643762, at *3–6. As for Okon's state-law challenge, *Okon III* implicitly resolved that as well. The Court noted that "[a] federal court will not entertain a habeas claim 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Id.* at *4 (quoting *Echols*, 511 F.3d at 785 (internal quotation and citation omitted; brackets in *Okon III*)). Following that rule, after determining that Okon's federal confrontation argument failed, the Court did not analyze his state-law claim. In other words, once Okon's confrontation argument failed, the state-law grounds

for the Minnesota courts' handling of Okon's rape-shield-law argument *were* independent and adequate state-law grounds for the Minnesota courts' decisions.[6]  *Okon III* thus implicitly ruled on—and rejected—Okon's state-law challenge to the Minnesota courts' decision to exclude the DNA evidence.

As a result, both of Okon's substantive arguments presented in the current Petition were presented—and addressed—in Okon's first Petition.  The claims thus must be dismissed under § 2244(b).  Second-or-successive applications may be permissible in certain circumstances, but under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Here, Okon has not moved the U.S. Court of Appeals for the Eighth Circuit for authorization for this Court to consider his Petition.  As a result, dismissal of the Petition as to both of Okon's substantive arguments is warranted.

Returning to Okon's first ground for relief, he argues that his federal-law confrontation issue should not be unreviewable merely because the state courts did not review it.  As noted above, this is not a substantive argument.  Rather, it appears to suggest that this Court should consider the confrontation argument's merits *because* Minnesota's state courts have twice failed to address it.  But the Court need not address

---

[6] Notable here, of course, are the principles that "it is not the province of a federal habeas court to reexamine state-court determinations on *state-law* questions" and that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties *of the United States*."  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (emphasis added); *see also Brende v. Young*, 907 F.3d 1080, 1084 (8th Cir. 2018) (citing *Estelle*).

this point, because the argument's implicit premise—that Okon has not received review of his federal-law confrontation argument—is wrong: this Court considered it explicitly and at length in *Okon III*. True, even after *Okon III*, the Minnesota Court of Appeals handled an appeal from Okon where it could have addressed the federal confrontation question, but did not. But even if that court should have addressed that question, that does not change the fact that Okon has received review of the issue.[7]

In summary, then, the Court recommends dismissal of Okon's present petition. Both of its substantive grounds have been previously presented to this Court in a prior application, so the § 2244(b) bar compels their dismissal based on a lack of jurisdiction.

### B.    Arguments From Okon's Dismissal Response

Okon's Dismissal Response presents four arguments against the Motion to Dismiss, but none of them is availing. First, Okon argues that under *Cone v. Bell*, 556 U.S. 449 (2009), and related cases, it is no bar to federal review of a petitioner's claim that a state court decided not to review the claim's merits because a state court had already reviewed the claim. Dismissal Resp. 2–6. Okon cites numerous cases about procedural default, which discuss when state-court handling of a claim makes it inappropriate to find that a habeas petitioner procedurally defaulted that claim.[8] But the

---

[7] To be clear, nothing in the Minnesota Court of Appeals handling of *Okon IV* retroactively alters the "facts on the ground" as they stood at the time of Okon's original criminal case.

[8] *See Cone*, 556 U.S. at 465–68 (claim not procedurally defaulted where state appellate court erroneously denied claim as having been fully and fairly heard in prior state proceeding and federal appellate court erroneously treated later state-court ruling as based on independent and adequate state ground); *Daniels v. Kelley*, No. 5:14-CV-00134 (JLH/JTR), 2016 WL 5026855, at *12 (E.D. Ark. Sept. 19, 2016) (claim not procedurally

issue here is not procedural default.  The Motion to Dismiss does not argue that Okon's state-court handling of the confrontation issue led to procedural default.  It argues, instead, that Okon already presented the confrontation argument in a prior § 2254 petition.  This Court need not address whether procedural default applies here.  The Petition being "second or successive" under § 2244 is sufficient to resolve this matter.

Second, Okon contends that this Court can consider his successive petition because "[w]hen a prisoner files a successive petition for habeas corpus relief . . . , the abuse of writ doctrine and 'ends of justice' govern[] such petition."  *Id.* at 7.  Okon appears to argue that (1) under *Sanders v. United States*, 373 U.S. 1 (1963), a court ought not give "controlling weight" to an earlier habeas petition if (among other things) doing so would not serve the "ends of justice"; and (2) here, those ends favor denying controlling weight to the resolution of Okon's first § 2254 petition.  *See* Dismissal Resp. 6–12.[9]  But the first statement here is no longer correct as a legal matter for § 2254 petitions.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, curtailed precisely the ends-of-justice argument Okon makes here.  As a leading habeas treatise explains:

---

defaulted where state appellate court addressed issue on direct appeal, petitioner reraised issue in state postconviction-relief motion, and then, on appeal of that motion, state appellate court declined to revisit issue based on law-of-the-case doctrine); *Buckingham v. Symmes*, No. 11-CV-2489 (PJS/SER), 2012 WL 3611893, at *2–3 (D. Minn. Aug. 21, 2012) (claims not procedurally defaulted where Minnesota Supreme Court, in second appeal, refused to reconsider substantive decisions about those claims made in first appeal).

[9] Much of this ends-of-justice argument appears to consist of arguments why Chief Judge Tunheim's incorrectly resolved the first § 2254 petition.  *See* Dismissal Resp. at 10–12.

> Prior to the enactment of [AEDPA], a state prisoner could file a same-claim second or successive federal habeas corpus petition (*i.e.*, one raising a claim presented and denied in a prior federal habeas corpus petition) if . . . (4) the "ends of justice" would be served by reaching the merits of the claim, either because the petitioner could show "cause and prejudice" or because a "manifest miscarriage of justice" would result if the petitioner were not permitted to relitigate a claim. AEDPA drastically revised prior law by replacing the . . . fourth of the above-listed aspects of that law with a blanket ban on successive litigation, codified in 28 U.S.C. § 2244(b)(1): "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

2 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 28.4[a] (7th ed.) (citations omitted) (online LEXIS edition updated 2018); *see also id.* § 28.4[c] ("[*Sanders*] established the controlling *pre-AEDPA* standard for same-claim successive petitions . . . .") (emphasis added); BRIAN R. MEANS, POSTCONVICTION REMEDIES § 27:4 (2018 ed.) ("Section 2244(b)(1) provides that claims raised by a *state* prisoner in a second or successive § 2254 petition that were previously presented in a prior application must be dismissed. This is an absolute bar against raising in a second or successive habeas corpus petition a claim that was presented in a prior application.") (footnotes omitted) (online Westlaw edition updated July 2018). Filed in March 2016 and challenging a May 2013 conviction, Okon's present petition is governed by AEDPA, not *Sanders*'s more-relaxed regime.

Third, Okon argues that Eighth Circuit preauthorization "is not required or necessary" in this case. Dismissal Resp. 13 (capitalization altered). This argument's thrust is that some courts use the ends-of-justice doctrine to decide whether to address

successive petitions, even where there has been no court-of-appeals preauthorization. Okon contends that he merits the same treatment. *See id.* at 13–15. But the authority Okon cites here is unhelpful. The bulk of the cited cases concern not § 2254 petitions like Okon's, but petitions under § 2241 or petitions for coram nobis under 28 U.S.C. § 1651(a).[10] Of the two remaining cases, one was decided before AEDPA's passage, undercutting its utility here. *See Parks v. Reynolds*, 958 F.2d 989, 989 (10th Cir. 1992). The last case is a post-AEDPA district-court decision handling a § 2254 petition. *See Clark v. Kelly*, No. 98-CV-6230, 2002 WL 31663512, at *1 (W.D.N.Y. Oct. 3, 2002). Not only is this decision unpublished and from a district court outside the Eighth Circuit, but—most importantly—it ignores the key issue at hand. *Clark* simply assumes that the *Sanders* ends-of-justice test would apply to a successive § 2254 petition, without

---

[10] *See Katz v. United States*, No. 11-CV-0513 (CDP), 2012 WL 262675, at *1 (E.D. Mo. Jan. 27, 2012) (petition for writ of coram nobis pursuant to 28 U.S.C. § 1651(a)), *aff'd*, 494 F. App'x 679 (8th Cir. 2012); *Alaimalo v. United States*, 645 F.3d 1042, 1045 (9th Cir. 2011) (§ 2241 petition); *Lema v. I.N.S.*, 341 F.3d 853, 857 n.9 (9th Cir. 2003) (same); *Rush v. Ortiz*, No. 17-CV-2459 (NLH), 2018 WL 2254559, at *1 (D.N.J. May 17, 2018) (same); *Burke v. Hollingsworth*, No. 16-CV-1290 (RMB), 2017 WL 1540388, at *1 (D.N.J. Apr. 27, 2017) (same); *Graewe v. Spaulding*, No. 15-CV-02002, 2016 WL 7365210, at *1 (M.D. Pa. Sept. 7, 2016) (same), *report and recommendation adopted*, 2016 WL 7324562 (M.D. Pa. Dec. 16, 2016), *aff'd sub nom. Graewe v. Warden Allenwood FCI*, 691 F. App'x 61 (3d Cir. 2017); *Sorrell v. McGrew*, No. 13-CV-7609 (JLS/RZ), 2015 WL 3466261, at *1 (C.D. Cal. May 31, 2015) (same); *Winston v. U.S. Att'y Gen.*, No. 12-CV-0172, 2013 WL 3967292, at *1 (E.D. Va. Aug. 1, 2013) (same); *Straube v. Chertoff*, 560 F. Supp. 2d 983, 984 (S.D. Cal. 2008) (same), *amended*, No. 07-CV-1751 (JM/NLS), 2008 WL 3925680 (S.D. Cal. Aug. 22, 2008); *Ackerman v. Ried*, No. 07-CV-0894 (BNB), 2007 WL 1490456, at *1 (D. Colo. May 17, 2007) (same); *Durrani v. United States*, 294 F. Supp. 2d 204, 210 (D. Conn. 2003), *aff'd*, 115 F. App'x 500 (2d Cir. 2004) (petition for writ of coram nobis, analyzed by district court for purposes of successive-claim analysis as if petition were pursuant to § 2255).

considering the wording of § 2244(b)(1).  Given § 2244(b)(1)'s clear language, this Court finds *Clark* unpersuasive.  The Court thus concludes that § 2244(b)(3)(A)'s preauthorization requirement applies to Okon's Petition.  As a result, Okon's failure to get that preauthorization requires dismissal of the Petition.

Finally, Okon spends several pages discussing ostensibly "compelling circumstances" why this Court should consider his Petition.  *See* Dismissal Resp. 15–23. The argument here is unclear.  The Court construes Okon as arguing that his procedural- and substantive-due-process rights under the Minnesota and federal constitutions would be violated if this Court applied the *Knaffla* and § 2244 prohibitions on considering previously raised arguments.  *See, e.g.*, *id.* at 18, 21.  This Court will not address the contours of the Minnesota Constitution's due-process right; that is a state-law question outside this Court's proper purview.  This Court also need not address whether Minnesota's *Knaffla* rule violates federal due-process guarantees because *Knaffla* has no bearing on the decision reached here.  Okon's present Petition should be dismissed due to the successive-petition bar of § 2244(b)(1) and *Knaffla* does not affect the analysis.

None of the cases Okon cites directly addresses whether straightforward applications of § 2244(b)(1) violate federal due-process guarantees.  Indeed, the established elements of due-process claims doom Okon's argument.  For procedural due process, establishing a violation requires a "show[ing] that the state infringed on a cognizable liberty interest."  *Swipies v. Kofka*, 419 F.3d 709, 713 (8th Cir. 2005).  Such interests can come from two sources: the Fourteenth Amendment's Due Process Clause itself or the laws of the states.  *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir.

2006) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).  Okon has done nothing to show that the Due Process Clause or any state laws establish a cognizable liberty interest in making courts reassess arguments already presented and analyzed in a prior habeas petition, so his procedural-due-process argument fails.

As for substantive due process, establishing a violation of that right requires that the claimant "show evidence of a constitutionally protected property interest and that governmental officials used their power in such an arbitrary and oppressive way that it shocks the conscience."  *Azam v. City of Columbia Heights*, 865 F.3d 980, 986 (8th Cir. 2017) (internal punctuation marks and brackets omitted).  Again, Okon has done nothing to show that he has a constitutionally protected property interest in having a court reassess arguments previously made and analyzed in a prior habeas petition.  And even if he had, it is not at all conscious-shocking that courts would refuse to reconsider arguments already presented and addressed.  Okon's substantive-due-process argument thus fails.

As all of the arguments in Okon's Dismissal Response fail, the conclusions reached above about 28 U.S.C. § 2244(b)(1) fully apply.  That section's bar on second-or-successive claims dictates that this Court should grant Knutson's Motion to Dismiss and dismiss Okon's Petition for lack of jurisdiction.  Before Okon can proceed with his present Petition, he must secure preauthorization from the Eighth Circuit.

### C.    Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P.

22(b)(1).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat Okon's current Petition differently than it is being treated here.  Okon has not identified, and this Court cannot discern anything novel, noteworthy, or worrisome about this case that warrants appellate review.  It is therefore recommended that Okon should not be granted a certificate of appealability in this matter.

[Continued on next page.]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY RECOMMENDED that:

1.    Respondent's Motion to Dismiss be GRANTED;

2.    This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction; and

3.    No certificate of appealability be issued.

Date: January___22___, 2019                    _____*s/ Tony N. Leung*_____
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               District of Minnesota

                                               *Okon v. Knutson*
                                               Case No. 18-CV-0191 (DWF/TNL)

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).